UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.Y.V.,<br><br>　　　　　　　Plaintiff,<br>　　　v.<br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 5:19-cv-01582-SHK<br><br>OPINION AND ORDER |

Plaintiff A.Y.V.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying her application for supplemental security income ("SSI"), under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. § 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED, and this action is REMANDED for further proceedings consistent with this Order.

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

## I. BACKGROUND

Plaintiff filed an application for SSI on March 31, 2015, alleging disability beginning on February 27, 2015. Transcript ("Tr.") 190-98.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on July 2, 2018, ALJ Paul Isherwood determined that Plaintiff was not disabled. Tr. 21-27. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on July 15, 2019. Tr. 1-8. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing

---

[2] A certified copy of the Administrative Record was filed on January 22, 2020. Electronic Case Filing Number ("ECF No.") 16. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 416.920. The claimant carries the burden of proof at steps one

through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[3]

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and

---

[3] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

4

the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [SSI]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [SSI]. See id.

Id. at 1098-99.

### B.     Summary Of ALJ's Findings

The ALJ found at step one, that "[Plaintiff] has not engaged in [SGA] since March 31, 2015, the alleged onset date (20 CFR 416.971 et seq.)." Tr. 23. At step two, the ALJ found that "[Plaintiff] has the following medically determinable impairments: diabetes, back pain, dizziness, and cataracts (20 CFR 416.921 et seq.)." Id. The ALJ added that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, [Plaintiff] does not have a severe impairment or combination of impairments (20 CFR 416.921)." Id.

In finding that none of Plaintiff's impairments were severe, the ALJ "considered all of [Plaintiff's] complaints" and "[a]fter considering the evidence

of record," found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e] decision." Tr. 24.

The ALJ began by providing three broad reasons for rejecting Plaintiff's statements. First, the ALJ explained that "[d]espite notice, [Plaintiff] failed to show up for two consultative examination[s]" and "[t]his failure to participate in the consultative examination process without providing a good reason undermines the consistency [Plaintiff's] subjective complaints and alleged disability." Id. (citations omitted). The ALJ added, however, that "[a]lthough the failure or refusal to take part in a consultative examination without a good reason is a basis for finding [Plaintiff] is not disabled, the [ALJ] considered it as a factor in this case and d[id] not base the ultimate decision in this case on this factor alone (20 CFR 416.918)." Id.

Second, the ALJ explained that Plaintiff's "record[s] show [Plaintiff] received little or no treatment for dizziness, back pain, diabetes, and cataracts" and "[t]he absence of regular treatment for these impairments [is] inconsistent with the alleged severity of the functional limitations imposed by the impairment and diminishes the credibility of those allegations." Tr. 25. "Accordingly, the [ALJ] f[ound] that the objective medical evidence does not support the level of symptomology that [Plaintiff] alleged and is inconsistent with [Plaintiff's] statements concerning the alleged intensity, persistence, and limiting effects of symptoms." Id.

Third, the ALJ "great weight" to the opinions of the State agency medical consultants who "found that [Plaintiff] did not have any severe physical or mental impairments . . . because the opinions are based on a review of the case record that includes medical reports of [Plaintiff's] particular impairments." Tr. 26 (citations

6

omitted). The ALJ added that the consultants "have an understanding of Social Security disability program policies and their evidentiary requirements" and their "opinions are supported by the objective medical evidence or other medical evidence." Id. The ALJ gave these opinions great weight because Plaintiff "had very minimal medical records for her alleged impairments, very infrequent, and very mild findings when she did seek out treatment." Id.

After providing three broad reasons for rejecting Plaintiff's symptom statements, the ALJ next addressed each of Plaintiff's alleged symptoms individually and made the following findings.

First, the ALJ found that Plaintiff's diabetes was "nonsevere" because: (1) "the medical evidence of record reveals mild findings"; (2) Plaintiff's "exams for her diabetes were not regular or consistent" and "showed that she did not check her blood sugar, take insulin regularly, or follow recommendations for diet and exercise to control her diabetes"; (3) Plaintiff "did not seek regular treatment or seek consultation from a specialist for this impairment"; and (4) "the record indicates no findings related to diabetes complications, such as issues with increased thirst, cardiovascular disease, chronic kidney failure, foot ulcers, vision loss, any end organ damage, neuropathy, or acidosis" and "no aggressive treatment was recommended [or] anticipated for this condition." Tr. 25 (citations omitted).

Second, the ALJ found that Plaintiff's back pain was "nonsevere" because "the record indicates mild or no findings related to back pain, such as issues with bladder incontinence, progressive leg weakness, bone fracture, fever, unexplained weight loss, or more than minimal stenosis, ruptured discs, nerve root irritation, or degenerative changes." Tr. 25-26. The ALJ added that "no aggressive treatment was recommended or anticipated for this condition and [Plaintiff] did not seek regular treatment for her back pain, seek physical therapy, or consult with specialists." Tr. 26.

///

1      Third, the ALJ found that Plaintiff's dizziness was "nonsevere" because
2 computerized tomography ("CT") scans from March 2011 and October 2015
3 "showed that there was no acute intercranial hemorrhage" and in October 2015,
4 Plaintiff "presented to the emergency room complaining of headache and
5 dizziness, but it was resolved with medication." Id. (citation omitted).  The ALJ
6 added that "[t]he medical evidence of record . . . reveals unremarkable findings[,]"
7 and "mild or no findings related to dizziness, such as problems with nystagmus,
8 ringing of the ears, hearing loss, weakness, double vision, and numbness." Id.  The
9 ALJ also added that "no aggressive treatment was recommended or anticipated for
10 this condition[,]" Plaintiff "did not seek out regular treatment for her dizziness or
11 consult with specialists[,]" and "[t]he source of [Plaintiff's] dizziness could be
12 uncontrolled type 2 diabetes as her records suggest." Id. (citation omitted).

13     Fourth, the ALJ found that Plaintiff's cataracts was "nonsevere" because
14 "[t]he medical evidence of record . . . reveals unremarkable findings[,]" such as '1-
15 2+ nuclear sclerotic cataracts in the left eye OU[,]" Plaintiff's "distance visual
16 acuity showed hand motion for both eyes[,]" Plaintiff "was diagnosed with mild-
17 moderate cataracts and hyperopia" and "has severely reduced vision in both
18 eyes." Id. (citing Tr. 465-67).  The ALJ found, "[h]owever, [that] the amount of
19 cataracts [Plaintiff had] would not cause this amount of reduced vision" and "[t]he
20 consultative examiner noted that there was a discrepancy between the amount of
21 vision loss and the amount of pathology in each eye." Id.  The ALJ added that
22 Plaintiff "did not require assistance to enter the exam room and to sit in the exam
23 chair, which suggests that [Plaintiff] may have been malingering during her eye
24 exam." Id.  Finally, the ALJ added that "no aggressive treatment was
25 recommended or anticipated for this condition." Id.

26     Having found that none of Plaintiff's impairments were severe, the ALJ
27 concluded that "[Plaintiff] has not been under a disability, as defined in the . . . Act,
28

since March 31, 2015, the date the application was filed (20 CFR 416.920(c))" through July 2, 2018, the date of the decision.  Tr. 27.

### C. Issue Presented And Parties' Arguments

In this appeal, Plaintiff raises one issue, "whether the ALJ has properly considered the relevant medical evidence of record and subjective statements of record in reaching the determination that Plaintiff has no severe impairment." ECF No. 21, Joint Stip. at 3 (capitalization normalized).

Plaintiff asserts that the ALJ's step two finding is not supported by substantial evidence because "the ALJ has failed to properly consider significant medical evidence of record as well as Plaintiff's subjective statements of record." Id.  Plaintiff adds that "she is incapable of working due to a combination of poor vision, arthritis, high blood pressure, and diabetes[,]" that she also "suffers from weakness, dizziness, bad vision, difficulty walking, and shortness of breath." Id. at 5 (citations omitted).  Plaintiff also adds that "she uses a cane for support" and "her prescriptive medications cause tiredness and fatigue[,]" which she listed as a reason for not being able to work. Id. (citing Tr. 39, 46, 250).

Defendant responds that the ALJ "properly assessed Plaintiff's statements, which is the only objection Plaintiff has raised to the ALJ's determination that Plaintiff's impairments were nonsevere." Id. at 15.  Defendant asserts that "the ALJ validly determined that Plaintiff's statements were inconsistent with the evidence in the record" including "both doctors who assessed Plaintiff's functional limitations [who] agreed with the ALJ that Plaintiff's impairments were not severe." Id. at 11 (citing Tr. 26, 71-73, 83).

With respect to each of the limitations Plaintiff claims were debilitating, Defendant argues that "Plaintiff's diabetes was uncontrolled not because it could not be controlled, but because Plaintiff did not take adequate measures to control it." Id. at 13.  Defendant also points to "none-to-mild findings related to back pain in the record[,]" a lack of recommendations by doctors for more "aggressive" or

9

1  "regular treatment" to ameliorate Plaintiff's conditions, the ALJ's finding that
2  Plaintiff "'may have been malingering during her eye exam[,]'" "the ALJ['s]
3  observ[ation] that Plaintiff failed to show [up] for two consultative
4  examinations[,]" and that "Plaintiff's doctors surmised that the dizziness (which
5  sometimes caused [Plaintiff] to fall) could be related to diabetes[,]" which Plaintiff
6  "did not take adequate measures to control." Id. at 13-15 (citing Tr. 24-26, 692).

      D.    <u>Applicable Legal Standards</u>

          1.    **Step Two Finding**

An "impairment or combination of impairments" is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). <u>See</u> <u>also</u> 20 C.F.R. §416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities."). "Basic [physical] work activities" include: "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;" and "[c]apacities for seeing, hearing, and speaking[.]" 20 C.F.R. §416.922(b).

"'[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims'; at step two, an impairment 'can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" <u>Venezia v. Berryhill</u>, 765 Fed. App'x 319, 320 (9th Cir. 2019) (unpublished mem.) (quoting <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996)).

          2.    **Plaintiff's Symptom Testimony**

When a claimant has medically documented impairments that "might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific, clear, and convincing reasons for rejecting' the testimony by identifying '<u>which </u>testimony [the ALJ] found not credible' and explaining '<u>which</u> evidence contradicted that testimony.'" Laborin

1  v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017) (emphasis in original) (quoting
2  Brown-Hunter v. Colvin, 806 F.3d 487, 489, 494 (9th Cir. 2015). "This is not an
3  easy requirement to meet: 'the clear and convincing standard is the most
4  demanding required in Social Security cases.'" Garrison v. Colvin, 759 F.3d 995,
5  1015 (9th Cir. 2014) (quoting Moore v. Comm'r Soc. Sec. Admin., 278 F.3d 920,
6  924 (9th Cir. 2002)).

"The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). Also, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (finding that "[t]he ALJ provided clear and convincing reasons for rejecting [Plaintiff's] testimony" by "point[ing] to specific evidence in the record—including reports by [Plaintiff's doctors]—in identifying what testimony was not credible and what evidence undermined [Plaintiff's] complaints.").

### E. ALJ's Decision Is Not Supported By Substantial Evidence

Here, the ALJ's finding that Plaintiff had no severe impairments is not supported by substantial evidence in the record for the following reasons.

First, the ALJ's finding that Plaintiff's subjective complaints were "undermine[d]" by Plaintiff's "fail[ure] to show up for two consultative examination[s] . . . without providing a good reason[,]" is not supported by the record. Tr. 24. An inspection of the transcript from the administrative hearing reveals that Plaintiff's attorney provided a good reason that Plaintiff missed her consultative examinations: Plaintiff was frequently moving during the relevant time period due to indigency and, consequently, Plaintiff's counsel was unable to locate Plaintiff to timely notify her of the scheduled examinations and missed appointments. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("[A]n

11

1  unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt
2  on the sincerity of the claimant's pain testimony" unless one of a "number of good
3  reasons for not doing so applies."); see also Tr. 41-42 (Plaintiff's counsel testifying
4  that "there's been four different addresses at least since I've represented [Plaintiff]
5  [a]nd, I think that's a big part of it . . . we had difficulty getting a hold of [Plaintiff]
6  when we had those notifications" for the consultative examinations); Tr. 48-49
7  (Plaintiff testifying that her church found her housing because Plaintiff had no
8  money and could not pay rent); Tr. 50-51 (Plaintiff testifying that "[e]ver since
9  [she] got sick, and because [she] did not have any form of income, [her] church
10 allows [her] to go ahead, and have a place to live with fellow people from the
11 church" and that Plaintiff has "had to stay with somebody else[] [s]ince 2012.").

      Accordingly, because the ALJ considered only evidence that Plaintiff failed to appear at two consultative examinations and ignored the above discussed evidence explaining Plaintiff's reason for missing the examinations—that her attorney could not timely notify Plaintiff due to her frequent moves stemming from her indigency—the ALJ's first reason for rejecting Plaintiff's symptom statements fails. See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).

      Second, the ALJ's rejection of Plaintiff's symptom statements due to conservative treatment fails because the ALJ failed to consider the extensive evidence in the record of Plaintiff's indigency and her resulting inability to afford more treatment. Id.; see also Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) ("'[d]isability benefits may not be denied because of the claimant's failure to obtain treatment [s]he cannot obtain for lack of funds[]'") (quoting Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995)). For example, in addition to the evidence of Plaintiff's indigency discussed above, Plaintiff also testified that "gets coupons for food . . . like food stamps" and that she used the "little bit of money [she had]

saved" and "sold all [her] gold, [and] all [her] jewelry" to pay rent and living expenses before turning to her church for housing assistance. Tr. 51. Plaintiff also explained that her church "help[s] match people with somebody willing to care for them" by "help[ing] them find a place where they can sleep, and they can bathe . . . [w]hen one does not have housing, or family, and they do not have income[.]" Tr. 66. Plaintiff also testified that her church, rather than a doctor, gave her a cane—which the ALJ observed Plaintiff using at the hearing—to help "support [her]self with" when she "los[es] [her] equilibrium" and her "legs become loose[.]" Tr. 46. Accordingly, on this record, Plaintiff's minimal treatment regime was not a valid reason for rejecting her symptom statements because her lack of treatment is explainable by her indigency, which the ALJ failed to consider or discuss.

Third, the ALJ failed to consider or discuss evidence of adverse side effects caused by Plaintiff's medication when rejecting Plaintiff's symptom statements due to her treatment being conservative. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) ("[A]lthough a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment[,]" such as "not tak[ing] . . . medication because of adverse side effects.") (internal citation omitted).

Specifically, at the administrative hearing, Plaintiff testified that the medications her doctors prescribed to treat her dizziness "were making [her] feel worse[,]" "very nervous[,]" and "ma[d]e [her] vomit." Tr. 55. Plaintiff also testified that she "only used [her prescribed medication for dizziness] for one week" because she "couldn't tolerate them." Id. Plaintiff also indicated that her prescribed diabetes medication made her feel "tired" and "fatigued," and Plaintiff's counsel indicated at the administrative hearing that Plaintiff's fatigue was one of the reasons Plaintiff could not return to work. Tr. 39, 250.

13

1    Thus, on this record, the ALJ found that Plaintiff's dizziness was
2 "nonsevere" because it is "resolved with medication[,]" however, the ALJ failed
3 to consider or discuss evidence that Plaintiff's prescribed medication also made her
4 "very nervous[,]" "feel worse[,]" and "vomit" and, critically, that Plaintiff was
5 only able to use the medication for one week due to these adverse side effects.  Tr.
6 26, 55.  Moreover, Plaintiff alleged that she could not work due in part to fatigue,
7 that her prescribed diabetes medication caused fatigue, and the ALJ failed to
8 consider or discuss this side effect.
9    Accordingly, because the ALJ failed to consider evidence of the adverse side
10 effects caused by Plaintiff's medication, the Court finds that the ALJ's rejection of
11 Plaintiff's symptom statements was not supported by substantial evidence in the
12 record.  Consequently, the Court similarly finds that the ALJ's decision to reject
13 Plaintiff's claim at step two is also not supported by substantial evidence in the
14 record.  As such, remand for further proceedings is appropriate here so that the
15 ALJ may reassess whether Plaintiff has a severe impairment at step two.

### IV.   CONCLUSION

17    Because the Commissioner's decision is not supported by substantial
18 evidence, IT IS HEREBY ORDERED that the Commissioner's decision is
19 **REVERSED** and this case is **REMANDED** for further administrative proceedings
20 under sentence four of 42 U.S.C. § 405(g).  See Garrison, 759 F.3d at 1009
21 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have
22 power to enter . . . a judgment affirming, modifying, or reversing the decision of the
23 Commissioner . . . , with or without remanding the cause for a rehearing.")
24 (citation and internal quotation marks omitted).
25    IT IS SO ORDERED.

DATED: 05/29/2020

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge